UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN RE:                                                    Case No. 10-44413
                                                          Chapter 13
                CHRISTOPHER MAKDISI,                      Honorable Walter Shapero
_____/

                Debtor(s),

**OPINION INCIDENT TO MOTION TO REINSTATED CASE, SET ASIDE
A SHERIFF'S SALE, AND FOR DAMAGES FOR VIOLATION OF THE STAY**

This Chapter 13 case was commenced on February 16, 2010, pursuant to the filing of a

petition and schedules, the latter listing Debtor's residence in Schedule A and a mortgage thereon

in favor of CFBancorp in Port Huron, Michigan, in Schedule D.  On February 20, 2010, the 341

Notice of the case filing was served on CFBancorp.  On February 17, 2010, the Debtor filed a

Motion to Extend the Automatic Stay, which was due to expire in 60 days by reason of a previously

filed case (Case No. 09-46406, which had been filed on March 5, 2009, and had been dismissed

before confirmation on June 15, 2009).  On March 8, 2010, a hearing was held on that motion.  That

Motion was granted and orders extending the stay and amending that stay extension order were

entered on March 11, 2010 and March 19, 2010, respectively.  As such, they were entered during

the time the 60 day stay incident to the filing of the case remained in effect.  The case proceeded

toward confirmation but was dismissed prior to confirmation by order dated July 8, 2010.

On September 7, 2010, Debtor filed a Motion to Reinstate the Case; To Set Aside the

Sheriff's Sale of Debtor's Residence; For Stay Violation Sanctions Against Citizens First Mortgage,

LLC and the Federal Deposit Insurance Corporation ("FDIC"), which the Motion alleged had taken

over the mortgagee at some unstated point.  The FDIC filed responses admitting that a sheriff's sale

1

of the property had in fact taken place on or about March 5, 2010 and that the FDIC had been appointed receiver of CFBancorp on April 18, 2010. A hearing was held on the Debtor's Motion, and on that hearing date, October 25, 2010, the Court ruled that (1) it was reopening the case (thus reinstating the stay); (2) the sheriff's sale had clearly taken place in violation of the stay and it was therefore set aside; and (3) a further evidentiary hearing would be held to determine any stay violation damages. The latter hearing was held on November 10, 2010. The Court makes the following findings of fact (in addition to those above set forth) as a result of that hearing, in particular the testimonial evidence of Debtor and Debtor's attorney, and four admitted exhibits. Since at least the latter part of April 2010, and certainly prior to the initial dismissal of the case on July 8, 2010, and while the stay was in effect, Debtor and his attorney had been dealing with both the mortgagee and the FDIC in what proved to ultimately be unsuccessful efforts to negotiate a mortgage modification. Commencing in early June 2010, Debtor's attorney communicated orally and in writing with the FDIC and the mortgagee asking them specifically to set aside the sheriff's sale on the grounds it had been conducted in violation of the stay. Receiving unsatisfactory or no responses, the referred to Motion was filed and the initial hearing held, and the indicated Court's ruling was rendered. On November 9, 2010, the day before the evidentiary hearing, a formal foreclosure notice over the name of Citizens First Mortgage, LLC as Mortgagee, with Potestivo & Associates listed as Attorneys, accompanied by a printed presumably published in a newspaper notice dated November 2, 2010, was posted on Debtor's house (Exhibit 1). A similar copy of the published notice dated October 14, 2010, was attached to Debtor's mailbox on or about October 19, 2010 (Exhibit 2). Within the last two weeks, Debtor has received a letter from a real estate company dated November 2, 2010, to which was attached the referred to Exhibit 2, and offering Debtor

2

assistance in trying to avoid the foreclosure. Debtor testified that (1) between the periods of June 2010 - July 8, 2010, and the past months since October 25, 2010, he has been continuously inundated by phone calls, usually from unidentified persons relative to the pending foreclosure; and (2) during such periods, there have been periodic postings of foreclosure notices on his home, which is occupied by himself, his wife, and his three children.

Exhibit 4 is Debtor's attorney's summary of time spent between the dates of June 17, 2010, and November 10, 2010, on the indicated matters. Debtor's attorney also testified she had spent additional time not reflected in that Exhibit for which she is not seeking compensation. The time spent, as reflected in that Exhibit, at $195.00 per hour, amounts to $1,998.75, a figure which the FDIC does not dispute. Debtor is an over- the- road independent truck driver who testified that he nets on average some $350.00 per day after deduction of fuel costs from gross receipts which are calculated by the miles involved in the deliveries. He testified that in the period between October 13, 2010 and November 10, 2010, and particularly after the October 25, 2010 hearing, he was unable to work because of the situation and the recited facts (some 11 days of lost work), and that before that he lost another four days of work, all of which total 15 days of lost work because of the indicated situation and recited pending matters and occurrences. At $350.00 per day, that would amount to $5,250.00, which he is also seeking as stay violation damages. Debtor also testified to a certain amount of emotional distress and anguish arising from the situation as it has affected both himself and his family, particularly as it relates to the most recent foreclosure activities and occurrences following the Court's reopening of the case, the consequent reinstatement of the stay, and the setting aside of the foreclosure sale. The recited facts clearly permit the conclusion that the attorney fees and loss of wages were sufficiently caused by, and are attributable to, the now multiple

3

stay violations that have occurred. Thus, entitlement thereto under the applicable statute has been sufficiently proven.

11 U.S.C. § 362(h) provides that an individual injured by any willful violation of a stay is entitled to recover "actual damages, including costs and attorneys fees, and, in appropriate circumstances, may recover punitive damages." A violation is "willful when the creditor knew of the stay and violated the stay by an intentional act." *See In re Sharon*, 234 B.R. 676, (6th Cir. B.A.P. 1999). Debtor's motion seeks an award of damages against Citizens First Mortgage, LLC and the FDIC. As to the FDIC, while it may not have been involved at the time of the original foreclosure sale in violation of the stay on March 5, 2010, it admittedly was involved after April 18, 2010. The recited facts, including primarily the refusal to set aside the foreclosure sale after having been asked to do so starting in June, and the continued foreclosure proceedings after the Court reinstated the stay, are clearly attributable to the FDIC and constitute a basis for its responsibility for all of the damages the Court is awarding, which can readily be inferred or concluded arose during the period after April 18, 2010, and indeed the evidence appears to be that the Debtor did not become aware of the March foreclosure sale until around that April date.

As to whom else may be responsible for the damages as noted, Debtor's Motion seeks an award against Citizens First Mortgage, LLC, specifically. CFBancorp is listed on the Debtor's schedules as the mortgagee. The response to the Motion was filed on behalf of Citizens First Mortgage, LLC, a wholly owned subsidiary of CFBancorp and the FDIC as Receiver for CFBancorp. In Debtor's immediately prior referred to bankruptcy case, a proof of claim in reference to this mortgage was filed by CFBancorp Mortgage, LLC, fka Citizens First Bank Mortgage, LLC, with an address as to whom notices should be sent of Citizens First Savings Bank, in Port Huron.

4

The recent foreclosure notices referred to were on behalf of Citizens First Mortgage LLC., as mortgagee. The Court has not been presented with any good reason why each and all of those entities should not also be obligated for payment of the indicated damages, jointly and severally with the FDIC. In sum, there can be no question that those entities had knowledge of the bankruptcy filing at the relevant times. It is true of the Citizens related entities by way of the proof of service of the 341 notice on CBBancorp in February 2010. It is true with respect to the FDIC no later than June 2010, when Debtor's attorney started requesting of it a lift of the stay, and it is likely true as a matter of law, by reason of their being appointed Receiver in April of 2010, and as such be held to have had at least constructive if not actual notice of that which the mortgagee it had taken over had. And, as noted, the facts occurring since April 2010 amply support FDIC liability in any event.

Accordingly, the Court awards damages of $1,998.75 in attorney fees plus $5,250.00 in actual damages, for a total of $7,248.75, payable jointly and severally by all of the indicated entities. Payment shall be made within 20 days after the entry of an appropriate order which shall be prepared and presented by Debtor's attorney.

**Signed on November 16, 2010**

                            **/s/ Walter Shapero**
                      **Walter Shapero**
                      **United States Bankruptcy Judge**